# FIRST NATIONAL BANK

## v.

# J. F. RYAN ET AL.

*Negotiable Instruments—Note—Alteration of—Restoration to Original Form—Evidence.*

Upon the case presented, this court holds that the court below erred in excluding from the evidence the note sued on, and that the judgment must therefore be reversed.

[Opinion.filed November 21, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. PALMER & SHUTT and MATHENY & MATHENY, for appellant.

Messrs. PATTON & HAMILTON, for appellees.

WALL, J. When this case was here at a former term, we held that the plaintiff was entitled to recover, and therefore the judgment for the defendant was reversed. The reasons for such holding were set forth in the opinion then filed, and notwithstanding the present argument of counsel for appellees, we are disposed to adhere to the views then expressed.

Upon examination of the present record, it appears that the case is now substantially as it was then, and as the judgment is again for the defendants in the action, it must be again reversed. The ruling of the court in refusing to admit the note under the common counts, and in giving the several instructions for defendants, must be deemed erroneous if our opinion was correct. The second special count describes the note as it was before O'Donnell signed it, and avers that O'Donnell indorsed it in that condition to the bank; and it was proposed to strike out the words " P. P. O'Donnell at," over the name of the bank, and to offer the note as so changed under this special

count.   We are inclined to think that if the note is to be restored the restoration should be complete and include the return of O'Donnell's name to the face.   Hence neither of the special counts described the note as it was originally and as it would be if restored.

There was, however, no need to change the instrument in order to let it in as a part of the plaintiff's case under the common counts.   The facts showed in effect a loan by the bank to the four defendants, the Ryans and the Reillys, of the sum named, to be paid to O'Donnell for them.   Whatever their relations with each other, O'Donnell was to be merely their surety and they were borrowing the money from the bank. When this appeared, if the instrument which they signed to obtain the loan became unaffected, they were liable for the original consideration.   We hold that the note should have been admitted and that the plaintiff should have recovered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*